IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ZURICH AMERICAN INSURANCE COMPANY                                        PLAINTIFF

v.                                       Case No. 4:15-cv-04019

FIKES TRUCK LINE, LLC                                                    DEFENDANT

**ORDER**

Before the Court is the Motion to Withdraw filed by Defendant's counsel, Cynthia W. Kolb and J.E. Jess Sweere of Cross, Gunter, Witherspoon, & Galchus, P.C. (ECF No. 30). Plaintiff has filed a response. (ECF No. 31). Defendant has replied. (ECF No. 32). The Court finds this matter ripe for its consideration.

On October 27, 2015, the parties filed a Joint Motion for Entry of Consent Judgment stating that they had reached a settlement agreement. (ECF No. 15). The Court granted the Motion on October 29, 2015, dismissing the case in accordance with the settlement agreement. (ECF No. 16). Since that time, Defendant has apparently defaulted on the settlement agreement with Plaintiff, and Plaintiff has filed a Motion to Compel Post-Judgment Discovery Requests which is currently pending on the Court's docket.

Defendant's counsel has moved to withdraw. Counsel for Defendant asserts that their representation of Defendant ended with Defendant's full agreement and knowledge on October 29, 2015. Plaintiff objects to the withdraw of Defendant's counsel because Defendant is a corporate entity that cannot represent itself pro se. Defendant also asserts that the Court should not permit counsel to withdraw before Defendant has fully responded to Plaintiff's post-judgment discovery requests, and that it will be prejudiced if counsel withdraws because Plaintiff's right to post-

judgment discovery may be delayed or thwarted.

The Local Rules provide that no attorney shall withdraw except by leave of Court after reasonable notice has been given to the client and opposing counsel. Local Rule 83.5(f). The Court has discretion in granting leave to withdraw. In federal court, a corporation may not represent itself pro se. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). While there may be a situation in which an attorney would be permitted to withdraw even if their corporate client may remain without a lawyer, *see, e.g., Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160 (3d Cir. 2007), the Court finds that, in this situation, counsel should remain. Defendant has a pending motion to compel before the Court which must be ruled upon to assure a timely closure of this matter. Without Defendant's attorneys, the Court will have no way to communicate with the Defendant corporation. The Court finds that Plaintiff will be prejudiced if counsel is permitted to withdraw, and that Defendant's counsel has not shown that they will be significantly prejudiced by remaining in this proceeding. In the interest of a proper conclusion of this case and the management of the Court's docket, the Court will not permit Defendant's attorney to withdraw.

Accordingly, Defendant's Motion to Withdraw as Counsel is **DENIED**.

**IT IS SO ORDERED**, this 7th day of January, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge