IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TRACI MORGAN, et al.                                                                                    PLAINTIFFS

v.                                    Case No. 1:16-cv-01007

EL DORADO HOME CARE
SERVICES, LLC, et al.                                                                                   DEFENDANTS

**ORDER**

  Before the Court is a Joint Motion for Protective Order. (ECF No. 29). The parties, through counsel, have agreed to the form and entry of this Order. They request that the Protective Order govern the protection and production of confidential information, documents, and other materials. The Court finds that the Motion should be **GRANTED**. The text of the Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, is as follows:

  1. This Order governs the handling of confidential, non-public, and/or sensitive information, documents, and other materials produced, provided, or obtained in the above-captioned lawsuit (the "Litigation"). Such information, documents, and other materials and confidential information include but are not necessarily limited to all non-public business, personnel, wage and salary records, pay calculations, financial and organizational records, employment or personal information and records relating to the plaintiffs, putative class members, defendants, and third parties which have been or will be provided, produced, or obtained in this Litigation.

  2. Either party may designate as "Confidential" any information, documents, and/or other materials which they believe in good faith contain confidential, sensitive, non-public, and/or privileged information by notifying opposing counsel of the designation specific to the information, document(s), or material(s). All documents clearly marked with the word "Confidential," and all

documents, written responses to interrogatories or questions, transcripts, or portions of transcripts otherwise clearly identified as such by a party or its counsel in this Litigation, shall be subject to this Consent Protective Order. For purposes of this Order, such information, documents, and other materials shall be referred to hereafter as "Confidential Materials."

3. Confidential Materials shall be used solely for legitimate purposes of this Litigation, including, among other things, use in conjunction with testimony and as exhibits at trial, in conjunction with motions, hearings, depositions, or witness preparation, and preparation for trial or any motion, hearing, deposition, or other proceeding connected with this Litigation. Such use shall be subject to the restrictions of this Order. Confidential Materials shall not be used in any proceedings other than this Litigation or to further or to disrupt the business interests of any person (other than the preparation and prosecution of claims and defenses in this Litigation). Use or disclosure of Confidential Materials beyond the restrictions of this Order, whether during this Litigation or after its conclusion, may occur only with the express consent of the party who provided or produced the materials or of its counsel of record in this Litigation, or as required by law or by order of any court of competent jurisdiction.

4. Any party to this Litigation that desires to use any document clearly marked with the words "Confidential," and/or any document, written response to an interrogatory and/or any question, transcript, or portion of a transcript otherwise clearly identified as "Confidential," in conjunction with any filing with the Court, or to otherwise place such materials in the public record, must file said materials under seal.

5. Confidential Materials shall not be published, circulated, disclosed, delivered, or made available to anyone who is not a "Qualified Person" as defined in Paragraph 6 of this Order, except as specifically provided herein. In the event a party and/or her/its counsel of record deem(s) it

necessary for purposes of this Litigation to disclose any documents or other materials designated as "Confidential" to a person who is not a Qualified Person as defined in Paragraph 6, such party or counsel must first require such person to read this Order and agree, by executing an agreement in the form of Exhibit A attached to the parties' Motion for Protective Order, as follows: (a) to be bound by the terms of this Order; (b) not to disclose, deliver, or make available Confidential Materials to anyone other than a Qualified Person; and (c) to use any Confidential Materials solely for the purposes of this Litigation.  The party or attorney who discloses, delivers, or makes available the Confidential Materials to the person shall retain all executed agreements in the form of the Exhibit A attached to the parties' Motion for Protective Order evidencing such an undertaking(s) and shall turn over all such executed agreements to the other party's attorney at his or her request within thirty (30) days after the Conclusion of this Litigation (after final order of the Court and after all appeal rights have expired) or as otherwise ordered by the Court.  It shall not be necessary to secure or obtain executed agreements with respect to Qualified Persons.

      6. "Qualified Person(s)" as used in this Order means:

         a. All parties and their designated representatives and attorneys of record in this Litigation, other attorneys employed by or consulting with the attorneys of record for purposes of this Litigation, and other employees and/or consultants of such attorneys to whom it is reasonably necessary that Confidential Materials be shown for purposes of this Litigation;

         b. Experts retained or utilized by the parties or their attorneys of record in this Litigation for the purpose of assisting in the preparation of this Litigation for trial, such as, statisticians, economists, or other experts, including staff and support personnel to whom it is necessary that Confidential Materials be shown for purposes of assisting in such preparation;

         c. Custodians and/or authors of the Confidential Materials, to whom it is reasonably

necessary that the Confidential Materials be shown, provided that such persons shall not be deemed "Qualified Persons" with respect to other Confidential Materials of which the person was not an author or custodian;

      d. Any person who is being questioned in a deposition in this Litigation during such deposition, provided that counsel disclosing the Confidential Materials has a good faith basis for believing the documents are relevant to the person's testimony or knowledge, and provided that such person shall not be deemed a "Qualified Person" with respect to other Confidential Materials which are not relevant to the person's testimony or knowledge;

      e. Any person who is scheduled to be deposed or to testify in this Litigation during preparation for such deposition or testimony, provided that counsel disclosing the Confidential Materials to such person has a good faith basis for believing the documents are relevant to the person's testimony or knowledge, and provided that such person shall not be deemed a "Qualified Person" with respect to other Confidential Materials which are not relevant to the person's testimony or knowledge; and

      f. Any other person who is designated as a Qualified Person by agreement of the parties or by order of the Court. The parties will be expected to confer in good faith and not to withhold consent to the designation of a person as a Qualified Person without legitimate reason.

    7. Nothing contained in this Order shall limit use of Confidential Materials at trial of this action or at any hearing or deposition related to this Litigation for any purpose, except that the parties reserve the right to object to the production, use, or admission into evidence of any such information, documents, or materials for any reason grounded upon the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Further, the parties reserve the right to petition the Court to seal records of the Litigation containing Confidential Materials, and reserve the right to seek additional

protective order(s) if the need arises.

8. In the event any party to this Litigation disagrees with the designation of any information, documents, or materials as "Confidential," or the restriction of the use or disclosure of such information, documents, or materials pursuant to this Order, that party must in good faith attempt to resolve the disagreement on an informal basis. If the parties are unable to resolve the disagreement informally after attempting in good faith to do so, the party seeking disclosure or production of the documents or other information may apply for appropriate relief from the Court. The Court may resolve the dispute upon in camera inspection of the materials designated "Confidential" and may determine upon good cause shown whether the restrictions of this Order should not apply to such materials. To the extent a dispute under this paragraph results in substantial delay in the discovery process, the non-prevailing party in such dispute will not object to the continuance of discovery with respect to the information, documents, or materials in question beyond the expiration of the discovery period.

9. This Order shall not operate as a waiver by any party to this Litigation of any objection to producing or providing any documents, information, or other materials, nor shall it operate as a waiver by any party of any objection to entry of any document or other material into evidence at trial or in any other proceedings in this Litigation on grounds other than those addressed in this Order. This Order also does not constitute a waiver of any argument regarding the timeliness of objections or production of documents.

10. After the Conclusion of this Litigation (after final order of the Court and after all appeal rights have expired), all originals and reproductions of any Confidential Materials shall be returned to the party who produced them or shall be destroyed upon that party's request by arrangement of that party and at that party's expense within thirty (30) days after the Conclusion of this Litigation.

11. Under no circumstance will any party or the representative(s) of any party to this Litigation provide any Confidential Materials that have been provided, produced, or obtained during this Litigation to the press or media, to other current or former employees of defendant, or to any other employer, except as otherwise expressly allowed under the terms of this Order.

12. The parties to this action and their experts and witnesses agree that the attorney work product or any other privilege is not waived by any party by providing the other party with calculations and supporting documentation regarding pay or hours worked by any plaintiff or putative class member, as to the information provided or any further information, documentation, work product, or attorney-client communication, in connection with pay or hours worked or otherwise. The parties to this action and their experts and witnesses further agree that the disclosure of any calculations and supporting documentation regarding pay or hours worked by any plaintiff or putative class member is not a waiver of any other privilege, including the attorney-client privilege.

**IT IS SO ORDERED**, this 28th day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge