IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ZURICH AMERICAN INSURANCE
COMPANY                                                                                              PLAINTIFF

v.                                       Civil No. 4:15-cv-04019

FIKES TRUCK LINE, LLC.                                                                      DEFENDANT

## ORDER

**BEFORE** the Court is the Plaintiff's Motion for Contempt and Sanctions.  ECF No. 53. With this motion, Plaintiff seeks to have Defendant show cause why it should not be held in contempt for violating a previous Court order, sanctions against Defendant for failure to obey previous Court order, and an award of attorney fees for bringing this motion and the previous motion to compel.  The Defendant has responded to this Motion.  ECF No. 56.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Susan O. Hickey referred this Motion to the undersigned for decision.  The Court having reviewed the pleadings and arguments of counsel finds Plaintiff's Motion for Contempt and Sanctions (ECF No. 53), should be **GRANTED IN PART.**

Plaintiff served Post-Judgment Interrogatories and Requests for Production to Defendant on November 20, 2015.  ECF No. 29-1.  Defendant failed to respond to the discovery requests. On December 28, 2015, Plaintiff's counsel, by email, requested the discovery requests be answered.  *Id.*  With no responses being made, Plaintiff filed a Motion to Compel.  ECF No. 29. On January 5, 2016, Defendant's counsel filed a Motion to Withdraw as counsel for Defendant. ECF No. 30.  This Motion was denied on January 7, 2016.  ECF No. 33.

In the response to Plaintiff's Motion to Compel, Defendant's counsel stated Defendant, Fikes Truck Line, was no longer in operation and its debts exceed its assets.  ECF No. 34.  While

this may be true, Defendant still is obligated to respond to the post-judgment discovery requests. On January 20, 2016, the Court granted the Plaintiff's motion to compel discovery and directed the Defendant to respond to discovery on or before February 15, 2016. ECF No. 36.

On February 15, 2016, the Defendant responded to the Plaintiff's post-judgment discovery requests. ECF 53-1. The Defendant stated, Gary Salisbury, the owner of the Defendant's parent company, filed a voluntary chapter 7 bankruptcy petition on Friday, February 12, 2016. *Id.* The Defendant indicated the Plaintiff should seek discovery from Mr. Salisbury's chapter 7 trustee or Mr. Salisbury's bankruptcy counsel. *Id.*

The filing of a voluntary bankruptcy petition by a non-party does not stay or eliminate the Defendant's obligation to respond to discovery. *See National Bank of Ark. v. Panther Mountain Land Development, LLC* (*In re Panther Mountain Land Development, LLC*), 686 F.3d 916, 921 (8th Cir. 2012). In this matter Greg Salisbury, not Defendant Fikes Truck Line, L.L.C. has filed for bankruptcy protection. Furthermore, Defendant's responses to Post-Judgment Interrogatories and Requests for Production were originally due on December 23, 2015.[1]

Defendant's continued refusal to answer the outstanding discovery requests, and now violation of this Court's order, is clearly sanctionable conduct. Under Rule 37 of the Federal Rules of Civil Procedure, the court has the power to impose sanctions for the failure to respond to discovery. The Court can order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure to respond to discovery.

---

[1] Defendant had ample time to respond to these discovery requests (at least 23 days after entry of the Order to Compel) even before Greg Salisbury's bankruptcy petition was filed.

Accordingly, Plaintiff's Motion for Contempt and Sanctions (ECF No. 53) is **GRANTED IN PART.** The Court finds Defendant's failure to respond to the outstanding discovery as sanctionable conduct and awards Plaintiff $2,000.00 in attorney fees as a sanction. Further, Defendant is again ordered to answer the Post-Judgment Interrogatories and Requests for Production within seven (7) days of the entry of this order. The Court will not entertain a request to find Defendant in contempt at this time, but continued failure to act on the part of the Defendant may result in such finding.

**IT IS SO ORDERED** this **9th day of May 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE